## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ABIRA MEDICAL LABORATORIES,       )
LLC, d/b/a GENESIS DIAGNOSTICS,   )
                                  )
    Plaintiff,                  )
                                  )
v.                                )      Case No. CIV-24-1365-D
                                  )
BLUE CROSS BLUE SHIELD OF         )
OKLAHOMA, ABC COMPANIES 1-100,    )
and JOHN DOES 1-100,              )
                                  )
    Defendants.                 )

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and, Alternatively, Motion for More Definite Statement and Brief in Support [Doc. No. 10]. For the reasons set forth below, the motion is granted in part and denied in part.

### Background

Plaintiff is a Pennsylvania-based provider of clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services. Defendant is a healthcare insurer.

In its complaint, Plaintiff alleges it provided services to certain of Defendant's insureds from October 2016 to January 2021. *See* Attachment [Doc. No. 1-1]. The insureds executed an assignment of plan benefits to Plaintiff, assigning their right to direct payment. *See* Complaint [Doc. No. 1, ¶¶ 13-14]. Once services were provided, Defendant denied the claims, citing "meritless reasons" including "(i) lack of adequate claim information provided by Plaintiff; (ii) untimely filing of claims; and (iii) lack of coverage by the subscriber/member for the services provided."

Plaintiff sued Defendant for (1) violations of employee benefit plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.S. §1001, et seq.; (2) breach of contract for non-ERISA governed plans; (3) breach of the implied covenant of good faith and fair dealing; (4) fraudulent and negligent misrepresentation / equitable and promissory estoppel; and (5) quantum meruit / unjust enrichment.

In the instant motion, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6) and for violating the relevant statutes of limitation. In the alternative, Defendant asks for a more definite statement.

## Standard of Decision

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds of a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id.*; *see also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citation omitted)). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## Analysis

The Court addresses each of Plaintiff's claims in turn. However, because Plaintiff must first plausibly allege Defendant breached underlying insurance plan provisions to assert that benefits are owed under any ERISA-governed plan, the Court addresses Plaintiff's second claim for breach of contract concurrently with its first claim under ERISA.

1. *Claims 1-2: Breach of Contract and ERISA*

In Oklahoma, the elements for breach of contract are: "(1) formation of a contract; (2) breach of the contract; and (3) damages as a result of that breach." *Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 748 (Okla. 2021). Under ERISA, "[a] civil action may be brought [ ] by a participant or beneficiary … to recover benefits due … under the terms of [the] plan…." 29 U.S.C. § 1132(a).

In its motion, Defendant characterizes Plaintiff's complaint as "conclusory," arguing Plaintiff needed to cite specific contract language in the underlying insurance policies that were allegedly breached. Furthermore, Defendant asserts that it cannot prepare its defense because Plaintiff failed to provide sufficient information to identify which of

the allegedly denied claims were governed by ERISA; such plans may include arbitration or anti-assignment provisions that could be outcome-determinative.

Plaintiff responds, arguing it would be unduly burdensome to require it to plead the violation of specific contract provisions when the underlying contracts are not in its possession. Furthermore, Plaintiff asserts that the parties will learn which policies are governed by ERISA during discovery.

Upon consideration, the Court finds the complaint sufficiently alleges each of the elements for breach of contract in Oklahoma. It (1) identifies the nature of the relationship between the parties as premised on an insurance contract and the assignment of related benefits. It then (2) notes the dates of service for each of the alleged breaches, and (3) identifies the damages owed. A complaint need not include "detailed factual allegations…." *Twombly*, 550 U.S. at 545; *see also Harris v. State Farm Fire & Cas. Co.*, No. CV-14-1070-C, 2014 WL 12729285, at *1 (W.D. Okla. Nov. 19, 2014) (finding the plaintiffs pled facts sufficient to give Defendant fair notice because the complaint identified "[(1)] the nature of Plaintiffs' relationship with Defendant as being premised on an insurance contract, [(2)] the nature of the claim that Plaintiffs made against the Defendant for recovery on the contract, and [(3)] Plaintiffs' evaluation of Defendant's failure to honor the terms of the contract."). Lastly, it would be unduly burdensome to require Plaintiff to allege violations of specific contract language that is most appropriately found in Defendant's possession.

In its Reply, Defendant asserts *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719 (5th Cir. 2018) is persuasive. There, the

district court dismissed a complaint for failing to allege "specific plans or specific plan language applicable to each claim[.]" *Id.* at 724. The circuit court, however, reversed, declining "to adopt a requirement that plaintiffs [ ] always include specific plan language in complaints[.]" *Id.* at 728. According to Defendant, it was dispositive to the circuit court that the healthcare provider was "unable to obtain [insurance] plan documents even after [undertaking] good-faith efforts to do so" prior to the commencement of litigation. *Id.* at 728-29. Because Plaintiff here did not engage in similar good-faith efforts, Defendant argues the complaint should be dismissed.

*Innova* provides crosscutting insights. Although the Fifth Circuit "emphasiz[ed]" and applauded the plaintiff's good faith efforts taken prior to litigation, the court did not explicitly state that such efforts were a dispositive factor. *Id.* at 729. The circuit court instead "underscore[d] the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in [the] complaint." *Id.* at 730; *see also id.* at 731 ("[I]f plaintiffs [must] state a claim [by] pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer."). Therefore, adopting all reasonable inferences in the light most favorable to the pleader, the Court finds Plaintiff has sufficiently stated a claim for breach of contract. Further, because Plaintiff's ERISA claim is derivative, and because the Court is satisfied that the discovery process will prove illuminating, Plaintiff has pled a claim for relief under the statute as well. Defendant's motion as to these claims—based on the above-

described arguments—is denied, as is Defendant's alternative request for a more definite statement.[1]

## 2. *Claim 3 - Implied Covenant of Good Faith*

Under Oklahoma law, "[e]very contract ... contains an implied duty of good faith and fair dealing." *Wathor v. Mutual Assur. Adm'rs, Inc.,* 87 P.3d 559, 561 (Okla. 2004). In cases involving "ordinary commercial contracts, a breach of that duty merely results in damages for breach of contract, not independent tort liability." *Id.* Furthermore, Okla. Stat. tit. 12, § 2017 prohibits "[t]he assignment of claims not arising out of contract[.]" Therefore, Plaintiff cannot recover for a separate tort arising out of violating the contracts' implied covenants of good faith. *See Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977) (explaining that a bad faith claim sounds in tort); *United Adjustment Servs., Inc. v. Professional Insurors Agency, LLC*, 307 P.3d 400, 404 (Okla. Civ. App. 2013) ("Section 2017(D) of Title 12 prohibits the assignment of claims not arising from contract."); *see also ROC ASAP, L.L.C.*, 2014 WL 667833, at *8 ("Here, Plaintiff only brings its bad faith claim as assignee. ... Because Oklahoma law prohibits the assignment of a tort claim, Plaintiff's bad faith claim fails."). Therefore, Defendant's motion to dismiss is granted as to this claim. Furthermore, because amendment would be futile, dismissal with prejudice is appropriate.[2]

---

[1] However, as discussed below, the motion as to contract and ERISA based claims is only denied in part. *See infra* Subsection 3. *Claims 4-5 and the Statute of Limitations*.

[2] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("[D]ismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

3. *Claims 4-5 and the Statute of Limitations*

If the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim …." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The ERISA and breach of contract claims at issue in this case are subject to a five-year statute of limitations.[3] Claims Four and Five (the "Tort Claims")—for negligent / fraudulent misrepresentation, estoppel, and unjust enrichment / quantum meruit—are subject to a two-year limitation period. Okla. Stat. tit. 12, § 95(A)(3).

Because this action was filed on December 27, 2024, Defendant argues the ERISA and contract-based claims arising from conduct occurring before December 27, 2019, should be dismissed along with the Tort Claims because Plaintiff alleged that all tortious conduct occurred before December 27, 2022.

When it is evident from the complaint that claims are time-barred, Plaintiff bears "the burden of establishing the factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). A review of the complaint demonstrates Plaintiff has not pled sufficient facts to bear its burden. Instead, in its

---

[3] ERISA does not "contain any statute of limitations for claims of benefit entitlement, therefore, an analogous state law statute must be borrowed." *Scruggs v. ExxonMobil Pension Plan*, No. CIV-06-0465-F, 2008 WL 2704614, at *3 (W.D. Okla. June 30, 2008), *aff'd in part*, 585 F.3d 1356 (10th Cir. 2009) (citing *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1199–1200 (10th Cir.1990)). The "most analogous state statute is the one governing contract claims." *Id.* In Oklahoma, "the contract claims statute of limitations is 12 O.S. Supp. 2005 § 95(1), establishing a five-year limitations period. Accordingly, the parties and the court agree that a *five-year* limitations period applies to plaintiff's claims." *Id.* (emphasis added). Policies governed by ERISA may further be subject to reasonable contractual limitations periods. *See Weiss v. Banner Health*, 846 F. App'x 636, 639 (10th Cir. 2021).

Response brief, Plaintiff avers that the limitations period did not accrue until "Defendant denied the claim and all appeal rights [were] extinguished or deemed futile." These appeal rights, their pursuit, and the time required to extinguish them, however, are not alleged in the complaint.

Plaintiff "may not effectively amend [its] Complaint by alleging new facts in [its] response to a motion to dismiss." *In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004). Therefore, the Tort Claims are time-barred. Moreover, where a claim is barred by the statute of limitations, "the Court need not determine the sufficiency of the allegations." *Key*, 508 F. Supp. at 1083. Plaintiff's motion as to these claims is therefore granted.

Lastly, the same analysis applies to the alleged contract and ERISA claims that are premised on actions occurring before December 27, 2019. Therefore, in as much as those claims are based on the few such incidences indicated in the attachment to the complaint, they are dismissed.

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint and, Alternatively, Motion for More Definite Statement and Brief in Support [Doc. No. 10] is **GRANTED** in part and **DENIED** in part, as set forth herein. The motion is **DENIED IN PART** as to Plaintiff's claims for violating ERISA and for breach of contract. The motion is **GRANTED** as to Plaintiff's third claim, for breach of the implied covenant of good faith and fair dealing, which is **DISMISSED** with prejudice. Plaintiff's fourth and fifth claims—for fraudulent and negligent misrepresentation / equitable and

promissory estoppel, and quantum meruit / unjust enrichment—are **DISMISSED** without prejudice.

  **IT IS SO ORDERED** this 16th day of September, 2025.

                _____

                TIMOTHY D. DeGIUSTI
                Chief United States District Judge